

LYNNE ABRAHAM
DISTRICT ATTORNEY

**DISTRICT ATTORNEY'S OFFICE**
THREE SOUTH PENN SQUARE
CORNER OF JUNIPER AND S. PENN SQUARE
PHILADELPHIA, PENNSYLVANIA 19107-3499
215-686-8000

April 2, 2015

Marcia M. Waldron, Clerk
United States Court of Appeals for the Third Circuit
U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

      Re:   Washington v. Sec'y, Pa. Dep't of Corr., et al.
           No. 12-2883

## NOTICE OF SUPPLEMENTAL AUTHORITY

Dear Ms. Waldron:

Please accept this Notice of Supplemental Authority under Fed. R. App. P. 28(j).

The issue in this pending appeal is whether the state courts unreasonably rejected Washington's Confrontation Clause claim – that his co-defendant's statement was insufficiently redacted, despite the replacement of Washington's name with neutral phrases like "the other guy" and "the driver."  In 2013, this Court upheld the district court's grant of relief; subsequently, the United States Supreme Court vacated the judgment and remanded the case in light of White v. Woodall, 134 S. Ct. 1697 (2014).  In Woodall, the Court emphasized that the

deferential habeas standard of review bars relitigation of state court decisions unless the state courts' decision contradicted the holdings of the United States Supreme Court beyond any possibility of fair-minded disagreement; this strict standard is not satisfied if the state courts contradict the *dicta* of the Supreme Court, and certainly does not allow the federal courts to grant relief based on plausible (or even convincing) *extensions* of Supreme Court law.

A few days ago, the Supreme Court again stressed this important principle in another reversal of the Sixth Circuit. In Woods v. Donald, --- U.S. ---, 2015 WL 1400852 (3/30/15) (*per curiam*), Donald claimed that his counsel's absence from part of his trial deprived him of counsel at a "critical stage" of the proceedings. While the Supreme Court has indeed held that the absence of counsel at a "critical stage" violates the Constitution, the Court has never squarely held that testimony concerning *other defendants* is such a "critical stage." Id. at *4. And while Donald's argument was certainly plausible, relief was unavailable because "none of our cases confront the specific question presented by this case" and "a fair-minded jurist" could agree with the state courts. Id. (quotations omitted).

Likewise, the Supreme Court has never found a Confrontation Clause violation where a co-defendant's statement has been redacted with neutral pronouns. A fair-minded jurist could conclude that such a redaction is not only

2

consistent with the Constitution, but is the very procedure the Court has recommended. See Gray v. Maryland, 523 U.S. 185, 198 (1998).

Respectfully submitted,

*/s/ Thomas W. Dolgenos*

THOMAS W. DOLGENOS
Chief, Federal Litigation

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| JAMES WASHINGTON, et al., | : |
| Appellee, | : |
| | : |
| v. | : No. 12-2883 |
| | : |
| SEC'Y, PENNSYLVANIA DEP'T | : |
| OF CORRECTIONS, et al., | : |
| Appellants. | : |

## CERTIFICATE OF SERVICE

I, THOMAS W. DOLGENOS, counsel for appellants, hereby certify that on April 2, 2015, the foregoing letter was made available in electronic form via this Court's ECF filing system, to counsel for Appellee James Washington:

> Adrian Roe, Esq.
> Duquesne University School of Law
> 600 Forbes Avenue
> Pittsburgh, PA  15282
> *aroe@roelawoffice.com*

> */s/ Thomas W. Dolgenos*
> THOMAS W. DOLGENOS
> Chief, Federal Litigation